IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WARDELL GILES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 09-306-SLR |
| CORPORAL RAYMOND WHESTONE, | ) ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM ORDER**

At Wilmington this 28th day of February, 2011, having considered defendant's motion to dismiss for failure to exhaust administrative remedies;

IT IS ORDERED that said motion (D.I. 38) is granted, as follows:

1. **Background**. Plaintiff was incarcerated at the James T. Vaughn Correction Center ("JTVCC") in Smyrna, Delaware from October 9, 2007 to April 15, 2010. On April 21, 2009, plaintiff filed this action under 42 U.S.C. § 1983 against Defendant Raymond Whetstone ("Whetstone"). (D.I. 39) Plaintiff alleges in his complaint that defendant violated his rights by physically and sexually assault him on September 2, 2008. (*Id.*)

2. **Legal standard**. In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all material allegations of the complaint and it must construe the complaint in favor of the plaintiff. See *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and

drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Id.* Claims may be dismissed pursuant to a Rule 12(b)(6) motion only if the plaintiff cannot demonstrate any set of facts that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Where the plaintiff is a *pro se* litigant, the court has an obligation to construe the complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972); *Gibbs v. Roman*, 116 F.3d 83, 86 n.6 (3d Cir. 1997); *Urrutia v. Harrisburg County Police Dep't*, 91 F.3d 451, 456 (3d Cir. 1996). The moving party has the burden of persuasion. *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

3. **Discussion**. Defendant argues that plaintiff did not exhaust the proper administrative remedies prior to filing this action pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).[1] Before filing a civil action, a plaintiff-inmate must exhaust the administrative remedies made available to prisoners pursuant to the three-step grievance process as mandated by the State of Delaware Bureau of Prisons Procedure Manual, Procedure 4.4. *See State of Delaware Bureau of Prisons Procedure Manual, Procedure 4.4, Section II* (revised May 15, 1998). The initial step of

---

[1] The PLRA provides, in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

the grievance process requires that grievances "be submitted within seven (7) days of the date of the occurrence or incident or within seven days after the inmate became aware of the incident," and that only one issue be addressed per grievance. *Id.*

4. In the case at bar, the record indicates that plaintiff was incarcerated at JTVCC on September 2, 2008, the date on which the alleged misconduct by defendant took place. As such, the administrative grievance procedures were applicable to him.

5. Plaintiff argues that he filed a timely grievance on September 8, 2008. (D.I. 39) Such a filing would satisfy the mandatory post-incident seven day submission period for grievances. A review of plaintiff's grievance history, however, indicates that no grievance was filed within the seven day period following the alleged incident on September 2, 2008. (D.I. 38, Affidavit of Corporal Matthew Dutton) The only mention of defendant's alleged misconduct is in a grievance filed by plaintiff on October 30, 2008 for the purpose of disputing classification. (*Id.*) Defendant's conduct was mentioned in the "Action Request by Grievant" section as a supplementary reason for which plaintiff wished to speak with the warden, however defendant's conduct was not specifically listed as a reason for filing the grievance. (*Id.*)

6. Plaintiff failed to submit a grievance within the seven day period as mandated by Procedure 4.4 regarding the alleged physical and sexual abuse which took place on September 2, 2008. Additionally, plaintiff's only mention of such conduct was filed well beyond the mandatory seven day period, and it addresses a completely separate issue. The review of plaintiff's grievance history fails to find any grievances that solely address any kind of physical or sexual misconduct on the part of defendant. Therefore plaintiff has failed to satisfy the mandatory administrative remedies required under 42 U.S.C. §

1997e(a).

7. **Conclusion**. For the reasons stated, defendant's motion to dismiss is granted.

_____
United States District Judge